## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| E. R., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Civil Action No.** |
| | )   **24-13175-BEM** |
| **FRANK BISIGNANO,** | ) |
| ***Commissioner of Social Security***, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, J.**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of Defendant Frank Bisignano, Commissioner of the Social Security Administration ("the Commissioner"), denying his applications for Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") benefits.[1]  Dkt. 1.  Before the Court are Plaintiff's motion to reverse or remand the Commissioner's decision and the Commissioner's cross-motion to affirm.  Dkts. 9, 17.  For the reasons discussed below, the Court will grant Plaintiff's motion in part, deny the Commissioner's motion, and remand for further proceedings.

## I.    Background

The following facts are drawn from the administrative record.  Dkt. 8 ("Tr.").[2]

---

[1] Consistent with the practice of other courts in this District, the Court identifies Plaintiff by his initials in the above caption.  Furthermore, consistent with Fed. R. Civ. P. 25(d), the Court notes that Commissioner Bisignano was automatically substituted as Defendant upon his confirmation.

[2] For clarity, citations in this opinion refer to the internal pagination of the administrative record, rather than the Court's CM/ECF numbering.

### A.    <u>Procedural History</u>

Plaintiff has previously been adjudged disabled and, in December 2021 and January 2022, sought to reassert his disability status and resume benefits.[3]  *Id.* at 148, 357.  His claims were denied on May 3, 2022.  *Id.* at 10.  He requested reconsideration, which was subsequently denied on September 2, 2022.  *Id.* at 134–37, 139–40.  He then filed a written request for a hearing before an Administrative Law Judge ("ALJ"), which was received on September 20, 2022, and held on June 4, 2024.  *Id.* at 10.  On July 15, 2024, the ALJ denied Plaintiff's claims and held that he was not disabled and could perform substantial gainful activity.  *Id.* at 22–24.  Thereafter, Plaintiff requested review of the ALJ's decision by the Appeals Council, which denied his request for review on October 29, 2024, *id.* at 1, making the ALJ's decision final and subject to judicial review.

### B.    <u>Plaintiff's Application</u>

Prior to working, Plaintiff obtained a high school education and started, but did not finish, community college.  *Id.* at 868.  Plaintiff sustained injuries while serving in the military and further aggravated his injuries during subsequent employment working as a bricklayer and as a high-rise window cleaner.  *Id.* at 344, 2224.  Plaintiff was approximately forty years old when he ceased working on June 1, 2012.  *Id.* at 236.  Plaintiff is currently fifty-three years old and has claimed disability from both physical and psychological impairments, including myxopapillary ependymoma of the central nervous system, degenerative joint disease in the spine, chronic back pain, lumbar radiculopathy, bilateral shoulder pain, bilateral impingement syndrome, partial right rotator cuff tear, acromioclavicular joint osteoarthritis, testicular hypofunction, abnormal liver function, loss of field vision, urinary urgency with occasional incontinence, migraines, opioid dependence in remission, obesity, recurrent major depressive disorder, anxiety,

---

[3] Plaintiff applied for SSDI on December 30, 2021, and for SSI on January 11, 2022.

temporomandibular joint disorder, neck pain along with cervical stenosis, and knee pain. *Id.* at 343.

### C.    **The ALJ Decision**

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a); *Purdy v. Berryhill*, 887 F.3d 7, 10 (1st Cir. 2018). The steps are as follows:

> 1) if the applicant is engaged in substantial gainful work activity, the application is denied; 2) if the applicant does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted; 4) if the applicant's "residual functional capacity" ["RFC"] is such that he or she can still perform past relevant work, then the application is denied; 5) if the applicant, given his or her residual functional capacity, education, work experience, and age, is unable to do any other work, the application is granted.

*Purdy*, 887 F.3d at 10 (quoting *Seavey v. Barnhart*, 276 F.3d 1, 5 (1st Cir. 2001)).

As relevant here, at Step Two, the ALJ determined that Plaintiff had multiple severe and non-severe medically determinable impairments ("MDIs"). Tr. at 12–13. Importantly, the ALJ determined that Plaintiff's "myxopapillary ependymoma status post tumor resection and radiation treatment" (which the Court will refer to more colloquially as "spinal cord cancer") was non-severe. *Id.* at 13. At Step Three, the ALJ found that none of Plaintiff's severe MDIs met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404. *Id.* at 13–15. At Step Four, the ALJ determined Plaintiff's RFC and found that he was capable of performing certain light work. *Id.* at 15–22. Finally, at Step Five, the ALJ determined that jobs exist in the national economy that Plaintiff could perform. *Id.* at 23.

## II.    **Standard of Review**

This Court has the power to affirm, modify, or reverse a decision of the Commissioner upon review of the pleadings and record. 42 U.S.C. § 405(g). Such review, however, is "limited

to determining whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (citing *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996)). The ALJ's findings of fact are conclusive when supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Commissioner's] conclusion." *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

However, an ALJ's findings of fact "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen*, 172 F.3d at 35 (citations omitted). "Thus, if the ALJ made a legal or factual error, the court may reverse or remand such decision to consider new, material evidence or to apply the correct legal standard." *Martinez-Lopez v. Colvin*, 54 F. Supp. 3d 122, 129 (D. Mass. 2014) (quoting *Ross vs. Astrue*, 2011 WL 2110217, at *2 (D. Mass. May 26, 2011)).

## III.  Discussion

Plaintiff has raised at least one issue warranting remand.[4]  Plaintiff is correct that the ALJ appears to have failed to consider certain medical records, resulting in an unsubstantiated finding that his spinal cord cancer was not severe at Step Two, precluding proper analysis at Step Three. *See* Dkt. 19 at 2.

Step Two determines whether a claimant has an MDI or a combination of MDIs that significantly limits the individual's ability to perform basic work activities for at least twelve months. 20 C.F.R. § 404.1520(c). To make this determination, the ALJ must examine the record

---

[4] Plaintiff raises four additional issues; however, the Court declines to address those issues at this time, as the Step Two analysis may alter or make unnecessary their consideration.

as a whole. *Elie v. Saul*, 474 F. Supp. 3d 367, 373 (D. Mass. 2020). Additionally, the ALJ must consider objective medical evidence from acceptable medical sources to establish the existence of a physical or mental impairment. *See* 20 C.F.R. § 404.1529.

In concluding that Plaintiff's spinal cord cancer was non-severe, the ALJ cited two documents from the Department of Veterans Affairs ("VA").[5] Tr. at 13. These sources state that, in August 2022, Plaintiff developed a tumor, and, in May 2023, that radiation therapy had been completed. *Id.* Citing to these reports, the ALJ found that, "[a]lthough the claimant experienced increased back pain during this period, there is no indication that symptoms from his malignant tumor and subsequent treatment caused significant limitations for the requisite 12-month period." *Id.*

However, the ALJ's analysis ignores substantial parts of the record. For example, the ALJ reviewed an April 2023 letter written by Nurse Practitioner Jacqueline Deppen stating that Plaintiff's gait impairment, back and leg pain, and occasional urinary incontinence would last for at least six months. *Id.* at 20. The ALJ found that Ms. Deppen's letter was "not persuasive" because her opinion "was not meant to apply on an ongoing basis" and because she did not provide a function-by-function assessment that was consistent with the longitudinal treatment record and supported by objective findings. *Id.* While the ALJ may have been justified in dismissing this particular letter as predictive, rather than documentary, the ALJ appears to have also excluded with it subsequent findings recorded by Ms. Deppen that were relevant to the 12-month duration requirement. Specifically, Ms. Deppen documented her findings regarding Plaintiff's spinal cord cancer post-surgery in June 2023, July 2023, October 2023, January 2024, April 2024, and

---

[5] The ALJ cited the Office Treatment Records from the VA Boston Healthcare System dated September 29, 2022, to December 30, 2022, and the VA Outpatient Hospital Records, dated January 5, 2023, to January 26, 2024.

May 2024. *Id.* at 1717, 1801, 2059, 2070, 2072–73, 2126, 2208. The ALJ does not appear to have considered this information, nor did the ALJ explain why it was not persuasive.

Likewise, the ALJ reviewed a December 2022 physical limitation assessment from Dr. Jacob Rachlin, which imposed one-month post-surgery restrictions on Plaintiff's bending forward, lifting more than twenty-five pounds, driving while taking sedative medications, contact sports, and swimming. *Id.* at 19. The ALJ found Dr. Rachlin's assessment unpersuasive because the restrictions were "somewhat vague" and "not meant to describe the claimant's baseline functioning on an ongoing basis or for at least 12 months." *Id.* at 19–20. Again, while the ALJ may have been justified in giving little weight to this summary assessment, the ALJ failed to address other medical observations made by Dr. Rachlin. Specifically, the ALJ's analysis does not address Dr. Rachlin's November 2022 findings connecting Plaintiff's lower back pain, leg pain, and urinary urgency to his tumor. *Id.* at 1278–79. Without this relevant medical evidence, the Court concludes that the ALJ's Step Two analysis is incomplete.

Remand is required because the error is not harmless. *See Colon v. Saul*, 463 F. Supp. 3d 66, 75 (D. Mass. 2020). Full consideration of the evidence could establish, at Step Two, that Plaintiff's spinal cord cancer was severe, necessitating further analysis at Step Three, which could change the ultimate result of Plaintiff's claim.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion to remand is GRANTED in part, and the Commissioner's motion to affirm is DENIED. Accordingly, this matter is remanded for further proceedings consistent with this opinion.

**So Ordered.**

/s/ Brian E. Murphy
_____

Brian E. Murphy

Dated:  November 14, 2025                    Judge, United States District Court